MADDOX, Justice
(concurring in the result).
On original deliverance, I concurred in the result only because a two-year statute of limitations was applied. I was of the opinion, at that time, that the Eleventh Circuit Court of Appeals, in Jones v. Preuit & Mauldin, 763 F.2d 1250 (11th Cir.1985), had misinterpreted the holding of the Supreme Court of the United States in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and I thought that this Court should not have indicated that it agreed with the Eleventh Circuit that a six-year statute of limitations would apply in all § 1983 actions except those involving a wrongful death. I did not file an opinion, however, to express these views. The reason for my belief that a two-year limitations period applied to all § 1983 actions and for my disagreement with the Jones reasoning, was the following statement of the Supreme Court of the United States in Wilson v. Garcia:
“Finally, we are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials. It was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place. Congress therefore intended that the remedy provided in § 1983 be independently enforceable whether or not it duplicates a parallel state remedy. Monroe v. Pape, 365 U.S., at 173 [81 S.Ct., at 476]. The characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interest vindicated by § 1983. General personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted. It is most unlikely that the period of limitations applicable to such claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect.
“In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied the 3-year statute of limitations governing actions ‘for an injury to the person or reputation of any person.’ N.M.StatAnn. § 37-1-8 (1978). The judgment of the Court of Appeals is affirmed.”
471 U.S. at 279-80, 105 S.Ct. 1948-49.
I have always thought that the two-year statute applied, because the New Mexico statute of limitations found applicable in Wilson v. Garcia applied to actions “for an injury to the person or reputation of any person,” and is substantially similar to Alabama’s statute (Alabama Code (1975), § 6-2-38(Z)), which provides that “[a]ll actions for any injury to the person or rights of another not arising from contract ... must be brought within two years.”
I believe that my interpretation of Wilson v. Garcia has been confirmed by the decision of the Supreme Court of the United States in Owens v. Okure, — U.S. -, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), and I am pleased that we put this case on rehearing to note the Owens v. Okure decision.
HOUSTON, J., concurs.